**Jose Patrocinio LEAL; Floridalma
Zelayandia De Leal; Jose Luis
Leal Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–71634.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 30, 2005.

Stephen W. Manning, Immigrant Law Group LLP, Portland, OR, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

na Niguel, CA, Cindy S. Ferrier, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

### MEMORANDUM **

Jose Patrocinio Leal, Floridalma Zelayandia De Leal, and Jose Luis Leal, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the BIA's denial of asylum and withholding of removal because the record does not compel the conclusion that Leal's conflict with Guatemalan soldiers was on account of an imputed political opinion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also Sangha v. INS,* 103 F.3d 1482, 1489–90 (9th Cir.1997).

As the Leals failed to raise any argument addressing their request for relief under the CAT in their opening brief, it is deemed waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) ( "[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived"). We lack jurisdiction to address

the Leals' other contentions because they were not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

